

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2005

# USA v. Harvey

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Harvey" (2005). *2005 Decisions.* Paper 1306.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1306

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3642
_____


UNITED STATES OF AMERICA

vs.

GARY ANTHONY HARVEY,

Appellant.


_____



On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 02-cr-00149)
District Judge:  The Honorable Thomas K. Moore


_____


Submitted Under Third Circuit LAR 34.1(a)
April 19, 2005


BEFORE: NYGAARD, RENDELL, and SMITH, <u>Circuit</u> <u>Judges</u>.



(Filed:   April 27, 2005)

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Gary Harvey pleaded guilty to possession with intent to distribute, and to importing heroin. In his guilty plea, Harvey reserved the right to appeal the District Court's suppression ruling, where it held that the government was not collaterally estopped from relitigating the issue of probable cause. We will affirm his conviction, but vacate and remand for re-sentencing under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

## I.

Harvey was arrested following a police investigation of Harvey and Cesar Vasquez Quionnes. Police, through a wiretap on Quionnes, received information that he would be transporting illegal drugs. They also had information, from the wiretap, that a person in a white shirt and Miami hat would be waiting for Quionnes. Police saw Harvey, wearing a white shirt and Miami hat, enter the same Wendy's that Quionnes had earlier entered. A few minutes later Harvey left the restaurant and was arrested. He was never seen interacting with Quionnes. A search incident to arrest revealed 1.6 kilograms of heroin. Harvey was advised of his rights, and admitted that he was to receive $3,000

from Quionnes for transporting the drugs. He also had a phone number for Quionnes, which matched the cell phone in Quionnes' possession.

Harvey was charged with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(I), and with importation of a controlled substance into the United States in violation of 21 U.S.C. § 952(a). During a suppression hearing related to these charges, Harvey discovered for the first time that the information that provided probable cause to arrest him came from a wiretap. Harvey filed a motion to suppress the evidence derived from the wiretap because the Government had failed to follow proper discovery procedures under the wiretap statute. The District Court suppressed the evidence. Once the wiretap evidence was excluded, the District Court also concluded that the Government lacked probable cause to arrest Harvey. The charges against Harvey were dismissed without prejudice following a motion by Harvey to dismiss for speedy trial violations.

Harvey asked that the charges be dismissed with prejudice so that the Government could not simply re-prosecute him and escape from the Court's ruling. The Government assured the District Court that it was not using the Speedy Trial Act as a means of escaping the ruling and that it had not yet determined whether it would re-prosecute Harvey. Based upon these assurances, the District Court dismissed without prejudice and ordered the Government to return Harvey's possessions, including his passport, without delay. The Government did delay, however, and Harvey sought an emergency order

3

demanding the return of his property.  The Government again promised the Court that it was not delaying in an attempt to re-prosecute Harvey.  The Court ordered the documents returned to Harvey. The next day when Harvey's lawyer went to pick up his possessions, agents arrested Harvey as he waited in his attorney's car.  The Government had re-indicted Harvey for identical offenses.

Harvey filed a Motion in Limine to determine whether the previously suppressed wiretap evidence would be permitted in the second criminal indictment. Harvey argued that the Government had used the Speedy Trial Act as a way to get around the District Court's suppression ruling.  Thus, he argued, the Court should either (1) change the previous order to a dismissal with prejudice, or (2) find that the previous suppression ruling collaterally estopped its use in the second criminal matter.  Although the District Court acknowledged that the Government appeared to be using the Speedy Trial Act as a way of avoiding the Court's earlier discovery sanction, it nonetheless denied Harvey's motions.

In deciding Harvey's Motion to Reconsider and the Motion to Suppress, the District Court examined whether the ruling met the requirements for collateral estoppel. Concluding that the order was not a "final and valid judgment" the Court held that it did not meet the collateral estoppel requirements. The District Court also concluded that Harvey did not establish prosecutorial vindictiveness.  Harvey again moved to suppress

the confession and evidence claiming that there was not probable cause for his arrest. The District Court denied this motion.

Following the denial of the motion to suppress, Harvey pleaded guilty, on the condition that he could appeal the Court's suppression rulings. The Court sentenced Harvey to 51 months imprisonment, the minimum under the guidelines, and five years supervised release. On appeal, Harvey alleges that: (1) the District Court erred by finding that the Government was not collaterally estopped from using the wiretap evidence suppressed in the first criminal matter; (2) there was not sufficient probable cause to arrest him; and (3) he should be resentenced pursuant to *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

**II.**

The standard of review in the Third Circuit for collateral estoppel cases is unclear. *See Nat'l R.R. Passenger Co. v. Pennsylvania Pub. Util. Comm'n*, 288 F.3d 519, 524-25 (3d Cir. 2002); *Witkowski v. Welch*, 173 F.3d 192, 198 n.7 (3d Cir. 1999). As in *National Railroad* and *Witkowski*, we need not resolve this dispute because the more exacting plenary standard of review will yield the same result as a more deferential standard of review.

In order to find that the Government is collaterally estopped from litigating the admissibility of the wire tap in Harvey's second criminal case we must find four separate elements: (1) that the issue decided in the prior adjudication is the same as the one

5

presented in the later action; (2) that the issue was actually litigated; (3) that the issue was determined by a final and valid judgment; and (4) that the determination was essential to the prior judgment. *Nat'l R.R.*, 288 F.3d at 525. The District Court correctly concluded that the first two requirements are met. The admissibility of the wiretap information was actually litigated in the prior criminal action and the same issue is presented here.

As the District Court concluded, however, the decision to exclude the wiretap evidence in the first criminal action was not a final and valid judgement. Rather, the decision in the first action was a discovery sanction for the government's failure to comply with the wiretap statute. The order was not premised on a violation of Harvey's constitutional rights or any defect in the manner on which the wiretap was obtained. Consequently, the discovery sanction was not a final and valid judgment to which collateral estoppel would apply.

**III.**

In reviewing the denial of Harvey's motion to suppress for a lack of probable cause, we review factual findings for clear error and exercise plenary review over the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). The District Court correctly concluded that probable cause existed to arrest Harvey. Several facts indicated that Harvey may have committed or was in the process of committing a crime. Sufficient evidence provided probable cause to arrest Harvey: (1) a person known to Quionnes was traveling to St. Thomas from San

6

Juan to pick up drugs; (2) as a result of that information surveillance was set up, and Quionnes was followed; (3) information was received (through a wiretap) that Quionnes would meet a person in a white t-shirt and Miami hat at a certain location; (4) based upon surveillance at that location, Harvey was observed in a white t-shirt and Miami hat; (5) both Quionnes and Harvey were surveilled simultaneously and entered a Wendy's restaurant near the same time; and (6) Harvey then exited the restaurant and walked quickly toward the cruise ship dock.

Probable cause for a warantless arrest exists when, at the time of the arrest, "the facts and circumstances within the officer's knowledge are 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *United States v. Glasser*, 750 F.2d 1197, 1205 (3d Cir. 1984). Given the facts known to the officers here, a reasonable person would suspect that Harvey had committed or was committing an offense at the time of his arrest.

**IV.**

Finally, Harvey challenges his sentence under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). Having determined that the sentencing issues Harvey raises are best determined by the District Court in the first instance, we vacate the sentence and remand for re-sentencing in accordance with *Booker*.